Rattle, J.
 

 In the case of the same lessors of the plain-'fifi against Thomas Duncan alone, decided at the present •term, we have shown that the owners of lots in the town of Beaufort, who do not set up title to them in another manner, must claim under,the .commissioners; the lessors of the plaintiff, therefore, are .estopped to deny their, title. Neither •of the defendants, in this case, pretends that he has acquired title otherwise than from the lessors of the plaintiff, and the only question will be, whether .either of them has acquired á good title from them.
 

 The defendants contend that they have .acquired such •title by force of the ordinance passed by the .commissioners •of Beaufort in 1782, or by the force of that ordinance coupled with an adverse possession for seven years, of the small •parcels or strips of land mentioned in it.
 

 
 *241
 
 Tbe ordinance is in the following words : “ Ordered that, for the future, whatever small strips of land are to be found between the outward lines of Front Street and the water, shall be the property of the person owning the front lot on the opposite side of the street.”
 

 It is very certain that this ordinance could not operate as a deed to pass the title,
 
 proprio vigore,
 
 for the want? among other things, of the seal of the grantors, and of a consideration from the grantees, even supposing them to be properly designated. But the counsel .for the. defendants contends that the ordinance operated at least as color of title; so that seven years adverse possession under it would perfect their title. To constitute color of title, there must be some written document of title
 
 professing
 
 to pass the land, and one not so obviously defective that it could not have misled a man of ordinary capacity. Dobson v. Murphy, 1 Dev. and Bat. Rep. 586 ; Tate v. Southard, 3 Hawks Rep. 119.
 

 Viewing the ordinance in the light of a conveyance, we think it so obviously defective, that it could not have misled a man of ordinary capacity. Besides the want of a seal and a consideration above mentioned, it is altogether informal and does not appear ever to have been delivered to the pretended donees. The last is a decisive and fatal objection, without adverting to any others, because delivery is essential to give effect to any instrument of conveyance
 
 inter vivos,
 
 and must, in the very nature of things, be as necessary where the Instrument is to operate only as color of title, as when it is to convey a complete title. This disposes of the defence set up by the defendant Thomas. But the counsel for the defendant, Duncan, contends for him, that the evidence, though not color of title, had the effect at least of extending the boundaries of his lot, number 111, to the watei*, and that then the deed from Howland-to him, and his possessions for seven years under it, gave him a
 
 *242
 
 good title to the parcel of land which he claimed. This makes it necessary to consider whether the ordinance had any effect, and if it did, what it was. It was certainly intended to have some effect, and if there is any which it can have, the law will, to that extent, sustain it. We have decided, that it cannot operate as a conveyance
 
 inter
 
 vivos, either perfect or defective. It cannot, therefore, convey even an incorporeal hereditament, as, for instance, the easement of a right of way over the small strips of land mentioned in it. The only other effect it could have, would be to give a license to the owners of lots on Front street, to use those strips of land for such purposes as they might think necessary. Supposing, then, it was a license, it could not pass as such under Howland’s deed to Duncan, so as to give him anything like a property in the land, or an easement on the land, but it remained as it was before, a mere license to use. the land, without being liable
 
 to
 
 be sued as a trespasser, until it should be revoked. The deed of How-land, under which the defendant Duncan claimed, conveyed nothing, therefore, upon which his seven years possession could operate to give him title. As a license, it was revoked by the repeal-of the ordinance in 1847, and'the defendant was notified in writing to surrender the possession before the suit was commenced. The defence set up by the defendant Duncan thus_ fails also; which entitles the lessors of the plaintiff to have the judgment in favor of the defendants Thomas and Duncan reversed, and a new trial granted. In discussing and deciding the cause, we have not found it necessary to consider particularly the arguments of the learned counsel in relation to the nature and rights of a seaport town, nor whether such town or an indi», vidual citizen of it has a right, without a grant, under legislative authority, to erect wharfs into the sea, as an incident to the ownership of the soil adjacent to shore,, to wit: the soil on which the .sea ebbs and flows, between high and low
 
 *243
 
 water mark. It may be well for those who are interested in the question, to satisfy themselves in relation to it before incurring the expense of costly works, to which, at last, they may have no title. They will find the subject fully and ably treated of in the recent work of Woolrych, on the Law of Waters, (68 vol. of the Law Library.)
 

 V&nire de novo
 
 awarded.- Judgment reversed.